[No. 5337.]

## R. A. HAWKINS *v.* THE MANSFIELD GOLD MINING COMPANY.

TRANSFER OF STOCK OF CORPORATION.—If the owners of a mining claim agree to incorporate and to take stock in the corporation in proportion to the interest of each in the mine, and before the corporation has been created one transfers to a third person shares of stock to be issued as soon as the corporation is in existence, and gives him a certificate to that effect, the corporation is not bound by the transfer or certificate, and is not obliged to issue the stock to such third person.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Action to compel the defendant to deliver to the plaintiff certificates for fifteen hundred shares of its capital stock, or in case delivery could not be made, for its value. On the trial the plaintiff testified in his own behalf that in 1873 W. W. Higgins employed him to act in negotiating certain real estate transactions, which were closed about January 17th, 1873, and in payment of his services agreed to give him fifteen hundred shares of the stock of the defendant when it was incorporated, and gave him two written orders for the same, reading as follows:

" SAN FRANCISCO, January 11, 1873.

" This is to certify that R. A. Hawkins, Trustee, is entitled to one thousand shares in the Mansfield Mine, to be issued as soon as practicable after the same is incorporated.

" W. W. HIGGINS."

" This is to certify that R. A. Hawkins, Trustee, is entitled to five hundred shares of the Mansfield Mining Company's stock, to be issued as soon as practicable after the incorporation.

" W. W. HIGGINS."

That after the mine was incorporated he demanded the stock, but the Company refused to issue it.   The Secretary, at the request of the plaintiff, gave him the following statement :

" Mansfield Gold Mining Company, three thousand three hundred feet, ten shares to a foot, thirty-three thousand shares. At the time of the incorporation Mr. W. W. Higgins had one thousand feet or ten thousand shares, of which two thousand five hundred were set aside for working capital, leaving him seven thousand five hundred shares.

" WILLIAM SMALL, Secretary.

" March 27th, 1873."

It was admitted that when Higgins gave the certificates he owned an interest in the mine, which he afterward transferred to the defendant when it was incorporated.   The plaintiff also swore that sales of stock had been made in the stock boards as high as seventeen dollars per share.   The plaintiff rested and the defendant moved for a nonsuit, because the stock had no existence at the time the transfer was made, and therefore the contract between the plaintiff and Higgins was void.   The Court denied the motion, and rendered judgment for the plaintiff.   The defendant appealed from the judgment, and from an order denying a new trial.

*S. D. Woods*, for the Appellant.

The thing attempted to be conveyed was not in existence, therefore could not be transferred.   (Sec. 1722, Civil Code ;

*Lunar* v. *Thornton,* cited in Benjamin on Sales, 227–9; 2
Kent's Com. p. 469; 2 Esp. 639.) The Code as it stood January 11th, 1873, provided a way for dealing with non-existent
property. (Sec. 1730, Civil Code.) The contract between
Higgins and respondent must be construed under said section.
It was a mere executory agreement, the remedy for a breach of
which was an action for damages. (Benjamin on Sales, p. 727;
*Hale* v. *Rawson,* 4 Com. B. Note 5, p. 85.)

*J. G. Severance,* for the Respondent.

Although, when Higgins transferred to respondent his interest in fifteen hundred shares of the stock, the incorporation may
have been a mere possibility, yet was that possibility coupled
with a then existing interest; and if we apply to sec. 1045 of
the Civil Code the rule, " *exceptio firmat regulam in casibus
non exceptis,*" it was a valid transfer under Arts. I and II of
chap. 1 of Title IV relating to transfers, of the same Code. "A
man may as well make an agreement with another for certain
stock in a corporation to be organized hereafter as an agreement
for stock in a presently existing corporation." ( *Chater* v. *S. F.
Sugar Refining Co.* 19 Cal. 246.) And the reasoning of that
case will apply to agreements, sales, and transfers alike.

By the Court:

The facts, as testified to by the plaintiff himself, did not make
a case in his favor, and the defendant's motion for a nonsuit
should have been sustained. The certificate of Higgins to the
effect that the plaintiff is " entitled to one thousand shares in
the Mansfield Mine, to be issued as soon as practicable after the
same is incorporated," was not the act of the corporation, nor
binding upon it; for at that time 'the corporation was not in existence, and the subsequent refusal of the Secretary to issue
stock thereon was not an act of conversion by the corporation.
    The case is not distinguishable from that of *Morrison* v. *Gold
Mountain Gold Mining Company, ante,* p. 306.
    Judgment and order reversed, and cause remanded.