[No. 7,095.—Department One.]

## MATILDA A. EDWARDS *v.* THE SONOMA VALLEY BANK.

CONVERSION—SALE BY SHERIFF—TRANSFER OF STOCK—DAMAGES—COMPLAINT—PLEADING.— The complaint alleged the assignment to the plaintiff of certain stock of the defendant originally issued to the plaintiff's husband; a demand upon and a refusal of the defendant to transfer the stock upon its books; and a sale of the stock by the sheriff under an execution in favor of the defendant against the plaintiff's husband.

*Held,* That the complaint, whether treated as a declaration in trover or as being for the refusal of the corporation to transfer the stock, was insufficient.

APPEAL from a judgment for the defendant in the Twenty-second District Court, County of Sonoma. TEMPLE, J.

The complaint alleged in substance, that two certificates of stock (Nos. 19 and 20) were issued by the defendant to plaintiff's husband, A. S. Edwards; that the said certificates were assigned for value received, the former to the plaintiff and the latter to Mrs. Frances Haraszthy, and that the defendant had due notice of the assignments; that on or about the 1st of April, 1878, the plaintiff and the said Frances Haraszthy and the said A. S. Edwards advised the cashier of said bank of said transfers, and demanded that he enter the same on the books of said bank, but said cashier thereupon peremptorily refused to make the entries. That by virtue of an execution, issued upon a judgment recovered by the defendant against A. S. Edwards, as above mentioned, the said defendant, J. L. Dinwiddie, as Sheriff of said county, sold at public sale on the 6th day of July, 1878, the said ten shares of Sonoma Valley Bank stock to one A. F. Haraszthy, but as plaintiff charges and avers for the uses and benefit of the defendant, for the sum of one thousand and fifty dollars; that said purchaser at Sheriff's sale claims said stock by virtue of said sale, and retains the possession of the same, and that the said defendant has unlawfully and wrongfully converted the same to the use of defendant, to the damage of plaintiff in the sum of twelve hundred dollars.

*George A. Johnson* and *Barclay Henley,* for Appellant, cited, *Harpending* v. *Meyer,* 55 Cal. 555; *Payne* v. *Elliott,*

54 id. 339; *Dent* v. *Holbrook,* id. 145; *Wenter* v. *Belmont Mining Co.,* 53 id. 431; *Thompson* v. *Toland,* 48 id. 101; Civ. Code, § 324; *Weston* v. *Bear River and Auburn W. & M. Co.,* 6 Cal. 425.

*Rutledge & McConnell,* for Respondent.

If the Sheriff levied upon and sold the property of the plaintiff on an execution against the property of her husband, and the Sheriff thereby became a trespasser, that would not make the defendant responsible except it directed the levy. (*Adams* v. *Freeman,* 9 Johns. 116; *Averill* v. *Williams & Sage,* 1 Denio, 501; Freeman on Executions, § 273.)

The COURT:

Treating the complaint as a declaration in *trover,* there is no averment of conversion or of facts showing conversion by the defendant. Defendant is not alleged to have directed or advised the levy or sale by the Sheriff, nor is it even alleged that defendant purchased the property at the execution sale. The averment that the Sheriff sold the stock to one Haraszthy, "but as plaintiff charges and avers, for the uses and benefit of the defendant," of itself, and at most, indicates a purpose on Haraszthy's part to hold it for the benefit of defendant; a purpose which he seems to have abandoned, since plaintiff avers, in the same connection, that "said purchaser at Sheriff's sale *claims* said stock by virtue of said sale, and retains possession of the same."

If the complaint can be construed to be a suit for damages, a refusal to transfer the stock on the books of the corporation, no damages are alleged as the consequence of such refusal, and, it may be added, it does not appear that the certificates issued to A. S. Edwards were indorsed by him and delivered to plaintiff, or that they were presented to defendant as evidence of plaintiff's right to have corresponding entries made in defendant's books, or that any demand was made for new certificates.

The demurrer to the complaint was properly sustained.

Judgment affirmed.