[S. F. No. 3111.   Department Two.—October 31, 1904.]

ERWIN M. COOPER, Executor of John H. Lochhead, Deceased, Appellant, v. SPRING VALLEY WATER WORKS, Respondent.

Order Granting New Trial—Insufficiency of Evidence—Support of General Order.—Where the motion for a new trial was upon all of the statutory grounds, a general order granting a new trial which can be supported on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed upon appeal.

Id.—Verdict against Weight of Evidence—Conflict—Discretion of Judge—Review upon Appeal.—The judge of the trial court has discretion to grant a new trial on the ground that the verdict is against the weight of the evidence, notwithstanding a conflict therein, and its order granting the same will not be disturbed where no abuse of discretion appears.

Id.—Action for Conversion of Stock—Indorsement—Consideration—Pledge—New Trial Properly Granted.—In an action by an executor against the corporation defendant for conversion of stock belonging to the testator, where the evidence showed that it was regularly indorsed in his handwriting, and was transferred by the holder to a bank as security for money borrowed, and the verdict was for the plaintiff on the ground that the shares were wrongfully taken by the holder, who directly testified that the stock was indorsed and delivered to him by the testator in payment for professional services, the court properly granted a new trial, notwithstanding conflicting evidence that such services were gratuitously given.

Id.—Improper Admission of Negative Testimony.—In such action the court improperly admitted testimony that the deceased had never told certain witnesses that he had transferred the stock, and that the physician never told the witnesses that the stock had been transferred to him. They were not called upon to speak thereof to third persons.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. C. Sharpstein, for Appellant.

M. B. Kellogg, for Respondent.

McFARLAND, J.—This is an action brought by plaintiff as executor of the last will of John H. Lochhead, deceased, to recover of the defendant the value of forty shares of its capital stock alleged to have been wrongfully converted by defendant. The jury returned a verdict for plaintiff in the sum of $4,080 with interest. Defendant made a motion for a new trial, which was granted; from the order granting the motion plaintiff appeals.

The motion for a new trial was made on all the statutory grounds, and the court did not intimate what ground the order granting the motion was based on; and unless the order cannot be maintained upon any one of the grounds of the motion it must be affirmed; and assuming that it was granted for insufficienty of the evidence to support the verdict there is no reason for disturbing it. In the matter of *In re Carriger*, 104 Cal. 81, this court said as follows: "When the judge of a trial court is satisfied that a verdict is not warranted by the evidence he should set it aside; and when he does so his order granting a new trial will not be reversed unless it appears to this court that he had no reasonable and just ground for holding that the verdict was against the weight of the evidence. The mere fact that there is some conflicting evidence on the points at issue does not preclude him from exercising the supervisory power of granting a new trial which is clearly given him." (Citing cases.) This language is directly applicable to the case at bar.

It is averred in the complaint that the deceased died on the 4th of May, 1899, and that at the time of his death he "was lawfully possessed of forty shares of the capital stock of the defendant designated on the books of defendant as certificate No. 20,484." But the undisputed facts are, that at the time of his death this certificate of stock, regularly indorsed in the handwriting of deceased, was in the possession of Dr. George M. Terrill, who afterwards transferred it to the First National Bank of San Francisco as security for money loaned him by the bank, with authority to have the stock transferred to the bank; and the respondent afterwards took up the old certificate and issued a new one for the said forty shares to the said bank. The issue in the case, as asserted by appellant at the time of the trial and presented to the jury by the court's instructions, which were not objected to and to which

no exception was taken, was whether Dr. Terrill was the lawful owner of the said stock or whether he had obtained possession of it wrongfully. In the opening statement to the jury, counsel for appellant said that plaintiff would introduce evidence tending to show "that this stock was taken by Dr. Terrill from Dr. Lochhead's possession without Dr. Lochhead's knowledge or consent; in other words, that it was stolen." The court instructed the jury that "If you believe that George M. Terrill was in possession of this certificate indorsed and had such possession before the death of Dr. Lochhead without stealing or finding the same, the court instructs you that there is no evidence that such possession was not rightful, and the presumption is that it was rightful, and if there was an understanding between Terrill and Lochhead that Terrill owned the certificate, or was authorized to pledge it for his own benefit, then the assignment thereof by Terrill to the First National Bank was lawful as a pledge, and the defendant should receive a verdict at your hands," —and further, "The court instructs you that in order to establish the theft of the stock by Terrill, the plaintiff must produce satisfactory evidence of grand larceny." Now, about the only direct evidence as to this issue was the testimony of Dr. Terrill. We will not undertake to give his testimony in full, but will notice enough of it to show its general character. He testified that he was a physician and surgeon and attended the deceased professionally for about eight or nine years previous to his death; that during the two years, or a year and a half, before his death "he had organic trouble called angina pectoris, a disease of the heart, suffering from severe spasmodic pains in the heart; this disease depresses the system and is a dangerous disease; I had to remain sometimes three or four hours at a time with him, he did not want me to go away; I relieved his pains and he did not want me to leave him; he finally died of this disease. . . . In fact, I gave up my vacation for the summer, he begged me not to go away." He further testified that in January, 1899, the deceased indorsed the certificate of stock and delivered it to him in payment of his professional services, the deceased reserving the right to have the dividends thereon during his lifetime, which were paid to him until his death; and that before that time "Dr. Lochhead had spoken to me repeatedly

about my services and compensating me for the same.'' There was some conflicting evidence, consisting mainly of testimony of witnesses of declarations of Dr. Terrill tending to show that he was giving his services to the deceased gratuitously; but considering the direct testimony of Dr. Terrill, the undisputed fact that he was in possession of the certificate regularly indorsed, together with the other evidence in the case, there is no warrant whatever for here holding that the court below abused its discretion in granting the new trial. Therefore, the order appealed from must be affirmed.

We do not deem it necessary to notice the various other points made by respondent. Many of them are not of any very great importance and may not arise again. It is proper to say, however, that the court should have ruled out the testimony offered by appellant that the deceased had never told certain witnesses that he had transferred the stock and that Dr. Terrill had never told the witnesses that the stock had been transferred to him. We see no relevancy or pertinency in this testimony. People are not called upon to speak of such transactions to third persons, and usually do not.

The order appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.