[S. F. No. 6219.   In Bank.—October 6, 1915.]

ERWIN M. COOPER, as Executor of the Last Will and Testament of John H. Lochhead, Deceased, Appellant, v. SPRING VALLEY WATER COMPANY, a Corporation, Respondent.

CONVERSION OF STOCK—EVIDENCE—DECLARATIONS AGAINST INTEREST—PRIVITY OF INTEREST.—In an action by an executor against a corporation for the conversion of its own stock in transferring it to a bank which acquired it from a person in possession of the certificate indorsed in blank by the deceased, the corporation having knowledge at the time of the transfer of the claim of the executor to the stock, declarations against his interest in the stock made by the person from whom the bank acquired it are admissible.

ID.—FIDUCIARY RELATION BETWEEN CORPORATION AND CLAIMANTS OF STOCK.—A corporation, with respect to its capital stock issued and delivered to third persons, and with respect to conflicting claims of different persons to the same stock, and the right of each to have a transfer thereof, occupies a fiduciary relation to both.

ID.—ERRONEOUS REJECTION OF EVIDENCE AS TO OWNERSHIP.—In such a case it was error to reject the evidence offered by plaintiff tending to show that the stock belonged to plaintiff's testator, where defendant had knowledge of, or reason to know of, plaintiff's claim to the stock at the time of the transfer.

ID.—DIRECTION OF VERDICT.—Where evidence offered by plaintiff would have been reasonably sufficient to substantiate the claim of plaintiff, it was error to reject such evidence and direct a verdict for the defendant.

ID.—DECLARATIONS AGAINST INTEREST—PRIVITY OF INTEREST.—The declarations of a former owner of either real or personal property, made while he held title, against his interest as such owner, are admissible against his successor in interest.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. C. Sharpstein, for Appellant.

Page, McCutchen, Knight & Olney, and McCutchen, Olney & Willard, for Respondent.

SHAW, J.—The appeal is from the judgment and it was taken within sixty days after the entry thereof.

The action concerns a certain certificate of stock numbered 20,484 for forty shares of the capital stock of the defendant company. The plaintiff alleges that on May 4, 1899, Lochhead died the owner of said stock and certificate and that thereafter defendant converted the same to its own use. The answer denies that Lochhead was the owner of said certificate or shares and also denies that defendant converted the same to its own use.

The action has already been the subject of two appeals. Upon the first appeal practically the only point decided was that the court did not abuse its discretion in granting a new trial. (*Cooper* v. *Spring Valley Water Co.*, 145 Cal. 207, [78 Pac. 654].) The main point decided on the second appeal was that in a civil cause, where the fact that one party is guilty of a crime is a material issue, it may be established by a preponderance of the evidence and need not be proven beyond a reasonable doubt. The present appeal is from a judgment given upon the third trial in pursuance of an order of the court directing the jury to find a verdict for the defendant on the evidence introduced on behalf of the plaintiff. It is necessary to state the evidence given in support of the plaintiff's case.

At the time of his death Lochhead was about eighty-seven years of age. He owned forty shares of stock of the defendant company in September, 1898, and the certificate now in controversy was issued to him therefor at that time. In October, 1898, Lochhead had the certificate in controversy in his possession, his signature was indorsed on the back of it, but no indorsee or assignee was named. He died on May 4, 1899. During the lifetime of Lochhead the dividends payable upon the stock were paid to George M. Terrill, upon a written order to that effect signed by Lochhead, designating them as "my dividends." On May 10, 1899, Cooper, as special administrator of the estate, served written notice on the defendant stating that the stock was the property of Lochhead's estate, that the certificate thereof was believed to be in the possession of Terrill, that it was supposed to bear the indorsement of Lochhead, and forbidding the defendant to permit the transfer of the stock on its books. A few days afterward Terrill presented the certificate for transfer to himself. It then bore the

indorsement of Lochhead in blank and the name of George M. Terrill as witness thereto. The defendant refused to make the transfer. On May 17, 1899, the certificate was presented by the First National Bank of San Francisco, as pledgee, for transfer to said bank. It was then canceled, but no new certificate was then issued. On May 23d a dividend was paid to an employee of the bank by the defendant upon a receipt therefor signed thus: "G. M. Terrill, for the estate of J. H. Lochhead, by the First National Bank of San Francisco." On the same day the transfer was completed and a new certificate issued to the bank as pledgee. On May 24, 1899, that certificate was canceled and two other certificates were issued therefor to William H. Brenner. These transactions constitute the conversion complained of.

For the purpose of showing ownership in Lochhead at the time of his death, the plaintiff offered himself as a witness to testify that the day after Lochhead's death Terrill handed him a package of papers belonging to Lochhead, and said that he would tell him about the stock later; that that afternoon or the next day Terrill said to him that some money had been borrowed on the stock, but did not say who had borrowed it or the purpose for which it was borrowed; that a few days later Terrill told Cooper that he had a bill against the estate that would eat up all the stock and that he was going to keep it; that after the notice of May 10th was served Terrill said to Cooper that he would reduce his bill to three thousand five hundred dollars, and give Cooper five hundred dollars if Cooper would make no further trouble, and that Terrill did not claim in any of these conversations that the stock had been transferred to him by Dr. Lochhead. This evidence was excluded by the court upon the objection by the defendant that it was hearsay and that defendant was not bound by any declaration or admission of Terrill. The testimony of Louise B. Cooper was also offered to the effect that in the lifetime of Lochhead, while Dr. Terrill was attending him as a physician, Terrill said to her that Lochhead was not a paying patient; that he was treating him gratuitously on account of his being a brother physician; that about a year before Lochhead's death, at Terrill's request, she wrote a letter to a daughter of Lochhead's, then living in Philadelphia, asking that she provide him a nurse, which the daughter agreed to do; that thereupon she wrote another letter to the daughter in which she

said "Dr. Terrill is giving his services free of charge," referring to his services to Lochhead, that she read this letter to Dr. Terrill and he said, "That's a sundowner"; that about a month before Lochhead's death she told Terrill that she thought he should receive something for his services, that Mr. Cooper was going to be executor of Lochhead's will, and that if she had any influence she would see that his bill was paid if he put it in, upon which Terrill suggested that he would put in a bill and that she and he should divide the amount between them, inasmuch as both of them had taken care of him. A similar objection was made to this testimony, and again the court sustained the objection and excluded the testimony. The points made by the appellant are that the court erred in directing the verdict for the defendant upon the testimony introduced, and in rejecting the aforesaid evidence.

We are of the opinion that the court erred in excluding the offered testimony. The argument of the defendant on this point is that it was not Terrill's successor in interest with respect to the stock, that there was no privity or identity of interest between it and Terrill, nor any relation on its part toward him sufficient to make his declarations impeaching his own right or title competent evidence against it. It concedes that if the evidence actually admitted was sufficient to show such privity or relationship, then the evidence would be admissible. We think that the evidence was sufficient in that regard. If the relations between Terrill and Lochhead, at the time of the latter's death, were such that the right of the defendant to make the transfers in question would depend on the right of Terrill to hold the certificate and control its transfer as against claims of the plaintiff, and the defendant, at the time it made the transfer, knew, or had good cause to believe, the facts which created such privity or relationship, then it is clear that Terrill's declarations tending to defeat his right or title would be admissible against the defendant. Under such circumstances its right would be based on Terrill's right and it must necessarily rely thereon for justification of its own acts. Evidence that he was without right would defeat the claim of the defendant that its action was lawful as against the plaintiff.

The evidence admitted tended to show that the title to the stock was in Lochhead at the time of his death. The written order to pay "my dividends" to Terrill, signed by Lochhead,

created the inference that the stock as well as the dividends belonged to Lochhead. The service of the written notice on the defendant informed it that the Lochhead estate claimed ownership of the stock, and that it was probably in possession of Terrill with the indorsement of Lochhead written thereon. The presentation of the certificate by Terrill for the purpose of having it transferred to himself was notice to the defendant that Terrill then claimed to be the owner thereof. When thereafter the bank presented the identical certificate and demanded a transfer thereof to itself, the defendant was bound to know that it must have derived its right or title either from Lochhead's representative or from Terrill. The previous transactions had given it full notice that the claims of Lochhead's estate and Terrill were adverse to each other. When, six days thereafter, it paid a dividend on the stock, taking therefor a receipt signed thus: "G. M. Terrill, for the estate of J. H. Lochhead, by the First National Bank of San Francisco," it was charged with notice that the First National Bank claimed whatever right it had through the possession of Terrill. It was therefore put to its election whether it would treat Terrill as the owner and make the transfer accordingly, or whether it would heed the notice of Lochhead's representatives and hold the stock for the estate. The company, with respect to its capital stock issued and delivered to third persons, and with respect to conflicting claims of different persons to the same stock, and the right of each to have a transfer thereof, occupied a fiduciary relation to both. Its action in transferring the stock would operate to clothe the transferee with the apparent legal title to the stock. It was, therefore, bound to exercise good faith in its determination in the matter. It elected in the present instance to accept the bank as the owner, and in doing so it admitted that its right to make the transfer at the request of the bank depended on the question whether Terrill previously had the right to the possession of the stock certificate, or whether that right was vested in the Lochhead estate. In accepting from this source the certificate issued to Lochhead and making a transfer thereof to the bank, the defendant became the medium by which the title claimed by Terrill was transferred to the bank. In legal effect the title passed from Terrill to defendant for the purposes of transfer, and from the defendant to the bank. For the moment of time necessary for this title to pass

through it from Terrill to the bank it was the successor of Terrill. Its conduct could be based only on Terrill's right. It is not necessary to say that the evidence admitted would conclusively prove the above propositions. It is enough to require the admission of the offered evidence if the admitted evidence would have been reasonably sufficient to prove them, and our statements are to be understood as going no further. It follows that the evidence of Terrill's want of title was competent evidence against the defendant; that it being, in legal effect, the successor of Terrill, his declarations impeaching his title were competent against it. The general principle that the declarations of a prior owner, made while he held title, against his interest as such owner, are admissible against his successor in interest, with regard to personal property as well as real estate, is well established. The question was thoroughly considered and decided in *Smith* v. *Goethe,* 159 Cal. 628, 637, [Ann. Cas. 1912C, 1205, 115 Pac. 223].

We cannot accede to the proposition that the court would have been bound to direct the verdict in favor of the defendant even if the evidence rejected had been admitted. The evidence admitted tended to show that Terrill, at most, held the stock as a mere pledgee. The evidence rejected went much further, and tended to show that he had no title to the stock or even a claim against the estate of Lochhead for services. It also tended to show that the bank, at most, was a pledgee, and not an absolute owner. It is not our province here to comment on the weight of the evidence, but it is our duty to say that if the verdict had been for the plaintiff, the evidence admitted, in conjunction with that offered, would have supported the verdict, and that the error is sufficient to require a reversal of the cause in order that there may be a new trial.

The judgment is reversed.

Melvin, J., Lorigan, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.

In denying a rehearing, the court in Bank rendered the following opinion on November 4, 1915:

SHAW, J.—As part of the argument that the declarations of Terrill were admissible to prove his want of title to the certificate of stock in the defendant corporation, we said in the opinion herein that in the operation of making the transfer on its books from Lochhead to the bank, the title to the certificate, in legal effect, passed from Terrill to the defendant, and from the defendant to the bank. In a petition for rehearing, defendant vigorously assails the idea that the title passed in that manner through the defendant. The actual passage of the title to the certificate to the defendant as a medium of transfer is not essential to the argument that Terrill's declarations were admissible against defendant, and perhaps the remark to that effect was *obiter dictum*, though we do not say it was erroneous. The other portions of the argument sufficiently show that defendant's right to make the transfer was derived from Terrill (*Tafft* v. *Presidio etc. R. Co.*, 84 Cal. 131, 138, [18 Am. St. Rep. 166, 11 L. R. A. 125, 24 Pac. 436]), and, hence, that his declarations tending to impeach his right are admissible.

The evidence raised the inference that Terrill claimed the certificate either as pledgee to secure a debt due from Lochhead to him for medical services to Lochhead, or as owner by virtue of a sale by Lochhead to him in payment for such services. For this reason declarations of Terrill tending to show gratuitous service to Lochhead were admissible, if made during or after the rendition of the service, although made before Terrill was shown to have had possession of the certificate.

Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.