[Civ. No. 5558.  First Appellate District, Division Two.—February 3, 1927.]

JENNIE M. BAXTER, as Administratrix, etc., Appellant, v. BOSTON–PACIFIC OIL COMPANY (a Corporation), Respondent.

[1] PLEADING—DEMURRER—AMENDMENT.—A demurrer to a complaint is a pleading which, under section 473 of the Code of Civil Procedure, may be amended by leave of court after issue joined.

[2] ID.—RULES OF COURT—CERTIFICATE TO DEMURRER—AMENDMENT.— Rules of court are but a means to facilitate justice and should not be permitted to obstruct it; and where a demurrer to a complaint has not attached thereto a certificate of good faith as required by a rule of court, it is not error for the court to permit defendant to file an amended demurrer containing the missing certificate.

[3] CORPORATIONS — TRANSFER OF STOCK — DEMAND OF STRANGER — TITLE—EVIDENCE.—While in a proper case a surviving partner is

3.  Duty of corporation to transfer stock on its books, note, 136 Am. St. Rep. 1027. Liability in damages of corporation for refusal to transfer stock, note, 13 Ann. Cas. 299. See, also, 7 R. C. L. 262, 268; 6 Cal. Jur. 794 et seq.

entitled to possession of the partnership shares of stock, the corporation is not guilty of conversion for its refusal to transfer stock upon the demand of an apparent stranger who produces no proof of legal title nor the certificate representing its shares.

[4] ID.—FIDUCIARY RELATION WITH SHAREHOLDERS—GOOD FAITH—INTERPRETATION OF EXECUTORY CONTRACTS.—A corporation occupies a fiduciary relation with its shareholders in holding ·and transferring title to shares of stock and is required to act in good faith and with care in making such transfers, and it is not bound upon its peril to correctly interpret executory contracts of shareholders or other legal relations existing between its shareholders and to award the title of stock to the ultimate and true owner.

[5] ID.—STOCK IN NAME OF DECEASED PARTNER—TRANSFER TO SURVIVOR—PROOF OF OWNERSHIP.—Where stock stands upon the books of the corporation in the name of a given individual and, following his death, another person claims that he and the deceased were partners, doing business under the name of the deceased, and that partnership profits were invested by the deceased for the partnership in the purchase of said stock, but said person produces neither the certificate representing the shares nor other proof of legal title, the corporation is justified in refusing to transfer one-half of the stock to said person.

---

(1) 31 Cyc., p. 457, n. 40.   (2) 15 C. J., p. 912, n. 39.   (3) 14 C. J., p. 759, n. 52, 53; 30 Cyc., p. 426, n. 15.   (4) 14 C. J., p. 761, n. 85, 86, 89.   (5) 14 C. J., p. 759, n. 52, 53.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hamilton A. Bauer and C. Franklin Baxter, for Appellant.

Frank Hall and Harry S. Whitthorne for Respondent.

KOFORD, P. J.—When the demurrer to the complaint came on for hearing in the court below the point was raised that no certificate of counsel was attached to the demurrer as required by Rule 40 of the superior court of the city and county of San Francisco. The court thereupon granted defendant leave to file an amended demurrer. The amended demurrer was afterward filed containing the missing certificate. Thereafter a motion was made by plaintiff to strike

the amended demurrer upon the ground that the filing of the same was without authority of law. This motion was denied. Thereafter the court heard the amended demurrer upon its merits and made its order sustaining the same without leave to amend. Judgment was entered for defendant. This appeal is from the order refusing to strike and from the judgment for defendant.

[1] It is urged that a demurrer to a complaint is not a pleading and cannot be amended after issue joined. The case of *Hedges* v. *Dam,* 72 Cal. 520 [14 Pac. 133], is relied on. That case, however, is authority to the contrary. It holds that a demurrer is a pleading which may be amended as of course under section 472 of the Code of Civil Procedure, before the trial of the issue of law thereon. If a demurrer is a pleading under section 472, which may be amended as of course, then it is also a pleading which, under section 473 of the Code of Civil Procedure, may be amended by leave of court as was done in this case. [2] We think the amendment to the demurrer was properly allowed and that the motion to strike was properly denied. Rules of court are but a means to facilitate justice and should not be permitted to obstruct it. (*Pickett* v. *Wallace,* 54 Cal. 147; *Sullivan* v. *Wallace,* 73 Cal. 307 [14 Pac. 789].)

The next question to be considered is whether the complaint states a cause of action. In brief, it alleges as follows: That plaintiff, in 1892, entered into a verbal "partnership and association" with Fred G. King to engage generally in mining business. Plaintiff was to supply the capital and King his time and abilities to the business. Thereafter the business was carried on by them "in and under the firm name of Fred G. King" up to the time of the death of King in 1920, leaving the plaintiff the sole surviving partner of said firm; that large profits were made; that no accounting or settlement of the partnership affairs has been made; that a large sum of said profits was invested by said King for said partnership association in the purchase of 50,354 shares of the defendant corporation of the "face value" of over $300,000, "which were standing in said partnership name on the books of said corporation and were held by him as such partner at the date of his death, the certificates . . . which had been issued to him in his lifetime in his name being in his possession at said date as a part of the assets

and property of said partnership." It is further alleged: That demand was made of defendant to transfer and deliver one-half of said stock and certificates to plaintiff as sole surviving partner of said King; that defendant has refused to do so to the damage of plaintiff in the sum of $150,000. The prayer is that defendant be compelled by an order of court to transfer one-half of said stocks and certificates to plaintiff or for judgment for $150,000, the value thereof and damages to plaintiff by reason of said refusal.

Plaintiff calls this an action for conversion and cites authority to the effect that conversion lies against a corporation for refusing to transfer shares of stock to one entitled thereto. She especially relies on *Ralston* v. *Bank of California,* 112 Cal. 208 [44 Pac. 476], to this effect. She also cites Code of Civil Procedure, section 1585, and authorities to the effect that a surviving partner may continue in possession of the partnership property and wind up its affairs. From this it is apparent that this action is brought on the theory that plaintiff had a present existing right upon demand to have the shares (one-half thereof) transferred to her by the corporation; that plaintiff is entitled to damages for conversion, the conversion being the refusal of the corporation to transfer the one-half of the stock and certificates to the plaintiff upon demand.

The Ralston case cited above does not support plaintiff's contention. In that case the plaintiff was the transferee and the holder of the certificate of stock. The defendant corporation refused to transfer the stock on demand, claiming a lien thereon under its by-laws on account of indebtedness to the bank of the former stockholder. The court held that inasmuch as the bank had sold the said indebtedness of the stockholder that it was no longer entitled to a lien.

[3] While in a proper case a surviving partner is entitled to possession of the partnership shares of stock, it does not for that reason alone follow that the corporation is guilty of conversion for its refusal to transfer stock upon the demand of an apparent stranger who produces no proof of legal title nor the certificate itself representing its shares. Whatever might be the ultimate right of plaintiff in the stock under the facts alleged, the fact is that the legal title to the stock was in the estate of Fred G. King, deceased. Notwithstanding the allegation in the complaint that the stock

was held in the name of the partnership, to wit, Fred G. King, that being also the name of the deceased, it was as if he held in his own individual name the legal title for the alleged partnership.

[4] A corporation occupies a fiduciary relation with its shareholders in holding and transferring title to shares of stock and is required to act in good faith and with care in making such transfers. (*Cooper* v. *Water Co.*, 171 Cal. 158 [153 Pac. 936] ; *Nagel* v. *Ham, etc.*, 88 Wash. 99 [152 Pac. 520].) A corporation is not bound upon its peril to correctly interpret executory contracts of shareholders or other legal relations existing between its shareholders and to award the title of stock to the ultimate and true owner. There may be a disputed claim made which requires judicial settlement between the claimants before it should be recognized. We think this is such a case. Damages for conversion have been refused against a corporation for its failure to transfer stock where the one demanding transfer relied for his rights upon an executory contract without the legal title and where proper evidence of his title or right of possession was not produced. (*Edwards* v. *Sonoma Valley Bank*, 59 Cal. 136; *Morrison* v. *Gold etc. Co.*, 52 Cal. 306; *Hawkins* v. *Mansfield Gold Mining Co.*, 52 Cal. 513.) Likewise, damages for conversion have been awarded against a corporation for transferring stock without sufficient proof of authority from the registered owner. (*Taft* v. *Presidio*, 84 Cal. 131 [18 Am. St. Rep. 166, 11 L. R. A. 125, 24 Pac. 436], citing Civ. Code, sec. 324.)

[5] Under these authorities we think the defendant was justified in refusing to transfer the stock (one-half thereof) to plaintiff upon her demand as alleged in the complaint.

It is ordered that the judgment be affirmed.

Nourse, J., and Sturtevant, J., concurred.