(26 App. Div. 213.)

### KINNAN v. SULLIVAN COUNTY CLUB et al.

(Supreme Court, Appellate Division, First Department. February 18, 1898.)

1. APPEAL—REVIEW—QUESTIONS OF LAW.

Where no case and exceptions were made by an appellant, and the only papers he presented on the appeal were the judgment roll, containing the decision of the court at special term and a stipulation that the facts found in the decision were the facts in the case, *held*, that only questions of law were presented, and, in order that the appellant should succeed in his appeal, he must show that the trial court could not, upon any view of the facts found, have ordered the judgment which it did.

2. INJUNCTION—ADEQUATE REMEDY AT LAW.

In an action brought by a stockholder to restrain the corporation from beginning an action at law to recover dues imposed under a by-law, on the ground that the by-law was invalid, and created no liability, *held* that, if his contention was correct, he had a perfect defense at law, and that, therefore, no ground existed for the equitable relief sought.

3. CORPORATIONS—RIGHTS OF DELINQUENT STOCKHOLDERS.

A corporation has no right, by means of a by-law, to limit or take away the existing power of a delinquent stockholder to transfer his stock, nor to refuse him permission to vote thereon.

4. SAME—TRANSFER OF STOCK.

Section 11 of the general corporation law, authorizing a corporation to make by-laws for the transfer of its stock, does not empower it to do more than to prescribe the officer by whom the stock shall be transferred and the mode of its transfer, and does not authorize an imposition upon the stock of any penalties, by way of preventing the unconditional right of transferring it.

Appeal from special term.

Action by Alexander P. W. Kinnan against the Sullivan County Club and others. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles Henry Butler, for appellant.

Isaac L. Miller, for respondents.

RUMSEY, J. No case and exceptions were made by the appellant, but the only paper he presents upon this appeal is the judgment roll, which contains the decision of the court and a stipulation that the facts found in the decision are the facts in the case. There are presented, therefore, only questions of law, and, in order that the appellant should succeed in his appeal, it is incumbent upon him to show that

the trial court could not, upon any view of the facts found, order the judgment which it did. Insurance Co. v. Barnard, 96 N. Y. 525. The facts are that the Sullivan County Club is a corporation organized, under the business corporation law of this state, in the month of December, 1892, with a capital of $100,000, divided into shares of $100 each. On the 4th of January, 1893, the corporation issued 500 shares of its stock to two persons in payment of a tract of land situate in Sullivan county, and afterwards, from time to time, the corporation sold 200 shares more, but the remainder of the stock is not yet issued. Shortly after the organization of the corporation, and before the stock was sold, a circular was issued announcing the objects for which it was organized. Among other things, it was stated that every stockholder would have, not only a general interest in the entire tract of land and all improvements, but a membership in the club and the use of the club house, which would be run as a family hotel, on payment of an annual subscription, limited to $5 for individuals and $10 for families. Certificates of stock were not issued at the time it was sold, nor until the month of May, 1893. In that month, and before any certificates of stock were issued, the directors of the corporation adopted by-laws, one of which was as follows:

"The board of directors shall have power to establish such rules, regulations, and restrictions for the government of the club and the use of its property, and dues not to exceed ten dollars per share, and may provide such penalty for any violation thereof, not inconsistent with the laws of this state, as it may deem expedient."

It does not appear that at this time the stockholders, acting as such, had adopted any by-laws for the corporation. After the directors' by-law above quoted had been adopted, certificates of shares were issued, which contained the statement that the shares were "full-paid and non-assessable beyond ten dollars per annum." These certificates were bound into a book, and the following statement was printed on the stub to which each certificate was attached:

"Received the above certificate, which I accept and agree to hold pursuant to the by-laws of the Sullivan County Club as to dues and transfers."

Some of the stockholders to whom certificates of stock had been issued signed this receipt and contract upon the stub, and others did not. The plaintiff was not one of the original incorporators, but he became a stockholder by the purchase of a share of stock in the year 1894. At the time the certificate of stock was issued to him, he signed the receipt and contract which was printed upon the stub; and the defendant claims that he thereby agreed to be bound by the by-laws, which then authorized an annual charge of $10 on each share of stock. The plaintiff, however, denies that this by-law is a valid one, or that he has become liable to pay the charge upon his stock which it is claimed to create. If this position is well taken, he has a perfect defense at law to any action which shall be brought for that purpose, and, that being so, there was no reason why he should bring this suit to restrain the corporation from beginning an action at law to recover that sum of money. Thomas v. Protective Union, 121 N. Y. 45, 24 N. E. 24. Whether or not the by-law is valid, so far as it levies such a charge on the stock, need not be decided upon this appeal.

It appears, however, that the corporation threatens to refuse to transfer the plaintiff's stock upon the books of the company, or to permit the plaintiff to vote thereon until all unpaid dues upon the stock shall have been paid.  The corporation intends to take this action upon authority of a by-law adopted by the stockholders at a meeting in January, 1895, and after the plaintiff had become the owner of this stock. The right of the corporation, as such, to make by-laws, is given by section 11 of the general corporation law, by which, among other things, it is said that it may make by-laws for the regulation of its affairs and the transfer of its stock, if it has any.  It has no other power to make a by-law regulating the transfer of its stock except such as is given by this law, and a fair construction of that law will not authorize the corporation to do any more than to prescribe the officer by whom the stock shall be transferred and the mode of its transfer, but it is not sufficient to authorize an imposition upon the stock of any penalties, by way of preventing the unconditional right of transferring it.  This provision of the statute does not, by implication, give to the corporation any power to disqualify its members except such as it had before.  But a corporation never had, in this state, the right by means of a by-law to limit or take away the power of the stockholder to transfer his stock.  If such transfer could be limited at all, it could be only by a provision in the articles of association.  Bank of Attica v. Manufacturers' & Traders' Bank, 20 N. Y. 501; Driscoll v. Manufacturing Co., 59 N. Y. 96.  The articles of association of this company contain no such power, and, therefore, they have no right by a by-law to prevent the transfer of the plaintiff's stock, whether such by-law be made by the directors or by the stockholders at a regular meeting.  The corporation has no power, by its by-laws, to refuse to permit a delinquent stockholder to vote upon its stock than it has to refuse him the privilege of making a transfer of the stock.  The right to vote upon stock of a corporation is essential for the protection of its owner.  It is one of those inherent rights which goes with the purchase of the stock, and, unless it is limited by the articles of association, which authorized the corporation to exclude from the right of voting a person who is in arrears upon his stock, the right does not exist.  It cannot be arrogated by the corporation to itself after the stock has been issued.  It makes no difference, in this regard, whether the stockholder agrees to take the stock subject to the by-laws of the corporation or not.  No by-law can be made which takes away from a stockholder a right which is vested in him at the time of the purchase of his stock.  The power to take away the franchise of a stockholder stands upon the same footing precisely as the power to prevent the transfer of stock.  Neither of them can be exercised upon the authority of a by-law, but each depends for its existence either upon express provision of the statute, or, at least, upon the articles of association of the corporation.  For these reasons, the plaintiff was entitled, at least, to an injunction restraining the corporation from refusing to transfer the stock until the dues should have been paid, and from refusing to allow him to vote upon his stock at the annual meeting, and the court erred in denying him that relief.

The judgment should, therefore, be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.