66 Barb. 151; Knickerbocker Ice Co. v. Theiss, 23 Misc. Rep. 625, 52 N. Y. Supp. 163, distinguishing Hand v. Rogers, 16 Misc. Rep. 17, 37 N. Y. Supp. 657, relied on by the defendant; Lawton v. Partridge, 111 App. Div. 8, 97 N. Y. Supp. 516. It is certainly going pretty far to dismiss the complaint in an action for goods sold and delivered, where one of the defendants admits owing the amount sued for.

The judgment should be reversed, with costs to the appellant, and judgment entered for the plaintiff and against the defendant Moses Colish for the relief demanded in the complaint, with costs in the court below. All concur.

---

PAGE v. AMERICAN & BRITISH MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. December 18, 1908.)

CORPORATIONS (§ 67*)—STOCK—CHANGING RELATIVE VOTING POWER.

    The right of a stockholder to a voice in the management of the corporation being a vested right, in the absence of express statutory authority for changing the relative voting power of stock, a corporation under the general power given by Stock Corporation Law (Laws 1890, p. 1074, c. 564) § 44, to increase or reduce its capital stock, may not, against the will of holders of common stock, reduce it, while leaving the preferred stock as before, thus increasing the relative voting power of the latter.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 181; Dec. Dig. § 67.*]

Appeal from Special Term.

Action by Ostinelli F. Page against the American & British Manufacturing Company and another. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to answer.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Omar Powell, for appellant.
Ralph Polk Buell, for respondents.

LAUGHLIN, J. The demurrer was interposed by the manufacturing company, defendant, and is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The point presented for decision is whether a domestic business corporation organized with preferred and common stock, each class of stock having the same voting power, may reduce one class of stock against the will of a holder of some of that class of stock, and thereby reduce his voting power and voice in the management of the affairs of the corporation. The defendant manufacturing company was organized on the 23d day of May, 1902, under the business corporation law, with a capital of $10,000,000, divided into 100,000 shares of the par value of $100 each. Eighty thousand of these shares were common, and 20,000 preferred, stock. The rights of the holders of preferred and common stock were the same, with the exception that

the former were given a prescribed preference in the payment of dividends and in the distribution of the assets. The entire amount of the capital stock was duly issued and is outstanding. The company since its incorporation has been engaged in the business for which it was organized. On the 24th day of January, 1908, one Charles R. Flint assigned 10 certificates for 100 shares each of the common stock of the company, which were duly issued to him on the 15th day of January, 1903, to the plaintiff who thereupon became entitled to surrender such shares and have other shares issued in his name in order that he might be a stockholder of record. The company and the other defendant, its stock transfer agent, declined to accept a surrender of the shares or to issue new certificates to the plaintiff on due tender and demand therefor. This refusal was evidently made upon the ground that the common stock had been reduced, for it is alleged that at a meeting of the stockholders, the validity of which is questioned and it is unnecessary to decide, held on the 12th day of April, 1907, by a majority vote the capital stock was reduced from $10,000,000 to $2,000,000 consisting of 20,000 shares of common of the par value of $1,000,000 and 20,000 shares of preferred of the par value of $1,000,000. The stock which was assigned to the plaintiff was not voted on at the meeting, but 330 shares of preferred stock and 843 shares of common stock were voted on in opposition to the resolution. The effect of the action taken is to give the holders of the preferred stock, who only contributed one-fifth of the capital, an equal vote and voice in the management of the corporation with the holders of the common stock who contributed four-fifths of the capital, and it reduced the voting power and authority of the stock owned by the plaintiff four-fifths without any reduction in the voting power or authority of the preferred stock. We are of opinion that this action was clearly illegal, both on principle and under the recent decision in Stokes v. Continental Trust Company, 186 N. Y. 285, 78 N. E. 1090, 12 L. R. A. (N. S.) 969.

The capital stock of a corporation may be increased or reduced as authorized by statute; but, in the absence of express statutory provision, the right of the individual stockholder to the proportionate voice in the conduct of the affairs of the corporation and equitable interest in its property which his stock gives him when he becomes a stockholder must be preserved. The interest of the plaintiff in the property, if dissolution were to take place now, might not be affected by the action taken because on dissolution the preferred stock was first to be paid in full; but the right of a stockholder to a voice in the management of a corporation in which he has invested money is a property right and vested interest entitled to protection under the Constitution. Kinnan v. Sullivan County Club, 26 App. Div. 213, 50 N. Y. Supp. 95; Lord v. Equitable Life, 47 Misc. Rep. 187, 94 N. Y. Supp. 65, affirmed 109 App. Div. 252, 96 N. Y. Supp. 10; Smith v. A., T. & S. F. R. R. Co. (C C.) 64 Fed. 272; People v. Hawkins, 157 N. Y. 1, 51 N. E. 257, 42 L. R. A. 490, 68 Am. St. Rep. 736. Of course, it would be competent for the Legislature to provide that, as to corporations to be organized in the future, either the common or

the preferred stock might be separately reduced, and no vested right of a stockholder becoming such in the light of a statutory provision to that effect would be impaired by such reduction. Section 44 of the stock corporation law (Laws 1890, p. 1074, c. 564), however, which is the authority for increasing or reducing the capital stock, prescribes only in general terms for such reduction or increase, and that authority must be exercised in such manner that the rights of stockholders will be preserved. If the stock be increased, it was held in the Stokes Case that each stockholder must be afforded an opportunity to purchase the same proportionate interest therein as he held prior thereto. It must follow that, if the stock be reduced, a reduction must be upon lines which will leave each stockholder the same proportionate interest and right in the corporation as he had before the reduction. If, therefore, the capital stock be divided into preferred and common stock, there must be a reduction of both in the proportion that the issue of each bears to the other. It may be that there can be no reduction of preferred stock. If so, there can be no reduction as to common stock without unanimous consent, and in such case the general authority to reduce capital stock should be held not to be applicable.

Of course, as already observed, it would have been competent for the Legislature to have prescribed otherwise; but mere general authority for an increase or reduction of capital stock is not sufficient. The plaintiff succeeded to the rights of Flint. He brings the action to compel the corporation and its transfer agent to accept a surrender of his stock and to issue to him new stock which will enable him to enjoy all of the rights and privileges of a stockholder of record. On the facts pleaded and admitted by the demurrer, he appears to be entitled to this relief.

It follows that the judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the demurrant to plead over on payment of costs of the appeal and of the demurrer. All concur.