[Civ. No. 61187. Second Dist., Div. Five. Nov. 16, 1981.]

GERALD J. HOWARD et al., Plaintiffs and Appellants, v.
DATA STORAGE ASSOCIATES, INC., Defendant and Respondent;
ROBERT E. KING, JR., et al., Objectors and Respondents.

COUNSEL

Joseph E. Morris for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Warren J. Soloski, Russell Iungerich, Boies & O'Rourke and Donald R. Gordon for Objectors and Respondents.

OPINION

RALPH, J.*—Appeal is taken by plaintiffs below from an order made September 26, 1979, denying relief requested in an order to show cause why Robert E. King, Jr., Lynn King and John R. McCann should not be named as officers and directors of defendant corporation and as additional defendants herein, and why they should not complete the winding up of the affairs of the defendant corporation, and why they should not be surcharged for the balance of funds the court found should be held by defendant corporation.

Respondents, Robert E. King, Jr., and John R. McCann appearing specially, contend the order denying relief is correct and supported by

---

*Assigned by the Chairperson of the Judicial Council.

substantial evidence; appellants contend the relief prayed for in the order to show cause should have been granted under the broad powers of the court to give effect to its judgment.

We reverse and remand with instructions.

### FACTUAL BACKGROUND

Statement of facts set out in appellant's opening brief are concise and correct. We herewith adopt said statement.

"This action was commenced on July 17, 1970, by the filing of a complaint for dissolution of the corporation respondent. After trial by court, judgment was entered on May [20], 1974, ordering among other things that respondent corporation be wound up and dissolved, that the directors of respondent corporation conduct the winding up of its affairs, and that the officers and directors of the respondent account in writing for all corporate receipts and disbursements of respondent corporation from date of commencement of this action to May [20], 1974. The judgment further awarded the sum of $11,975.34 to appellant Gerald J. Howard, and the sum of $11,270.54 to appellant Gaitano Cimo.

"On or about September 3, 1974, respondent corporation presented its purported accounting in the form of 'Financial Statements of Defendant for the Year Ended July 31, 1973, and for the period ended December 31, 1973,' filed herein on October 21, 1974. Appellants considered this to be an inadequate accounting and on October 11, 1974, filed a Motion for Order Compelling Further Accounting which was heard by the court on October 30, 1974. The court ordered that an accounting in the form of a list of receipts and disbursements of respondent corporation be filed with the court, on or before November 14, 1974. That accounting was filed by respondent corporation's accountants on November 13, 1974, and appellants found it inadequate. On January 14, 1975, appellants filed a second Motion for Order Compelling Further Accounting, which was heard by the court on February 4, 1975. The court then ordered that all of the books and records of the respondent corporation be made available to appellants' attorney and accountant for review, for the period from January 1, 1970, through February 4, 1975, as well as all records of King Engineering Company (a corporation wholly owned by Robert E. King, Jr. and Lynn King) to the extent that they refer to the deposits and withdrawals of funds be-

longing to respondent corporation. Subsequently only a portion of the records ordered were made available to appellants' attorney and appellants therefore on or about April 28, 1975, filed a third Motion for Order Compelling Further Accounting. Prior to the hearing on said motion and on or about May 23, 1975, the remaining books and records were produced by respondent corporation for inspection by appellants.

"After examination of all of the books and records made available from respondent corporation and King Engineering Company, appellants, on or about August 12, 1975, filed a Motion for Order Surcharging the Officers and Directors of respondent corporation. In response thereto respondent corporation filed herein on August 28, 1975, its memorandum and a Declaration of Robert E. King, Jr. At the hearing on said motion on September 4, 1975, the court ordered the respondent corporation and Robert E. King, Jr., to prepare a further accounting and file it on or before November 3, 1975, and further hearing upon said accounting was continued until November 17, 1975. On November 3, 1975, Robert E. King, Jr., wrote a letter to the court and requested further time to file the accounting. On November 17, 1975, the court ordered upon stipulation that the respondent corporation be granted until November 24, 1975, to file its accounting report, and the court ordered further hearing on said accounting to be continued until December 8, 1975. On November 24, 1975, respondent corporation filed its accounting herein which was admitted into evidence as defendant's Exhibit A at the subsequent hearings in April, 1976.

"Appellants on December 2, 1975, filed objections to said accounting. The court ordered that further hearing on said accounting be continued until February 6, 1976, and then continued to April 2, 1976. In the interim, appellants on January 27, 1976, filed further objections to the accounting filed November 24, 1975.

"On April 2, 1976, and April 13, 1976, the court conducted hearings on the motion to surcharge officers and directors, the accounting that was filed, and the objections thereto. Evidence both oral and documentary were presented at said hearing and Robert E. King, Jr., and other witnesses for the respondent corporation testified and introduced evidence therein. On October 26, 1976, the court filed its minute order and Notice of Intended Decision surcharging the officers and directors of respondent corporation, sustaining a portion of the appellants' objections to the accounting, and declaring that the balance of funds which

should be held by the respondent corporation to be the sum of $103,375.00.

"In conformance with the Notice of Intended Decision, appellants presented to the court proposed findings of facts and conclusions of law and a proposed judgment on or about January 4, 1977. Respondent corporation presented objections to the findings of fact on April 7, 1977. A hearing was set on said objections and it was subsequently continued until July 15, 1977. In the interim, Robert E. King and Lynn King, on May 5, 1977, by special appearance, filed a Motion Challenging the Jurisdiction of the Court to Enter a Judgment Against Them. On July 8, 1977, John R. McCann, by special appearance, filed a similar motion. Hearings were heard on the objections to the findings and the motion challenging jurisdiction on July 15, 1977, April 3, 1978, and July 5, 1978.

"The court on October [31], 1978, filed [its] Findings of Facts and Conclusions of Law and Ruling on Objections of Defendant to Plaintiffs' Proposed Findings of Fact and Conclusions of Law re Motion to Surcharge Officers and Directors and Objections to Accounting wherein the court sustained a portion of appellants' objections, denied appellants' motion for an order surcharging the officers and directors of the defendant corporation, without prejudice, because they have not been named as parties defendant, generally appeared, or had been personally served therein. The Order Sustaining Objections to Accounting was filed herein on August 17, 1979.

"Subsequently, on or about August 17, [1979], appellants filed their Order to Show Cause Why Robert E. King, Jr., Lynn King, and John R. McCann Should Not Be Named As the Officers and Directors of Defendant Corporation and As Additional Defendants Herein, and Why They Should Not Complete the Winding Up of the Affairs of the Defendant Corporation and Why They Should Not Be Surcharged For the Balance of Funds the Court Found Should Be Held By Defendant Corporation. On August 22, [1979], Robert E. King, Jr., was personally served with said Order to Show Cause. On August 23, [1979], John R. McCann was personally served with said Order to Show Cause. Lynn King was not served with said Order to Show Cause since she could not be located. On September 26, 1979, the court in Department 86, the Honorable Vernon G. Foster, judge presiding, denied the relief prayed for by appellants." (All references to the clerk's transcript and reporter's transcript are omitted.)

## ISSUE

■ In an action for involuntary dissolution of a corporation, following an interlocutory judgment of dissolution, does the court have jurisdiction to make orders surcharging individual directors who have not been named as parties in the original complaint?

## DISCUSSION

### I

Respondents argue that appellants' failure to allege and prove alter ego preclude him for asserting any personal liability against respondents/directors herein. It is axiomatic that an involuntary dissolution involving an accounting may well show misconduct on the part of directors who are not in an alter ego posture with a corporation. But, the issue here is not an "alter ego" one but one of jurisdiction.

An involuntary dissolution of a corporation is a special proceeding governed by Corporations Code sections 1800 through 1808 which is commenced by a verified complaint as required by Corporations Code section 1800. The court is given the power by Corporations Code section 1803 to appoint a receiver if it is deemed necessary and by the terms of section 1804, "After hearing the court may decree a winding up and dissolution of the corporation if cause therefor is shown or, with or without winding up and dissolution, may make such *orders and decrees and issue such injunctions in the case as justice and equity require.*" (Italics added.)

According to section 1806 of the Corporations Code, "When an involuntary proceeding for winding up has been commenced, the *jurisdiction* of the court includes:

"
.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"*(1) the making of orders for the bringing in of new parties as the court deems proper for the determination of all questions and matters.*" (Italics added.)

Directors are fiduciaries and must exercise their powers, "... in good faith, in a manner such director believes to be in the best interests of the corporation ...." (Corp. Code, § 309.)  ■  Strictly speaking, di-

rectors are agents and not trustees, for they have no title to the corporation property, but they are subject to the fiduciary obligation of trustees. (*Bainbridge* v. *Stoner* (1940) 16 Cal.2d 423, 428 [106 P.2d 423].) Accordingly, they cannot obtain any personal profits from their activities and must account to the corporation if they do. (*Angelus Securities Corp.* v. *Ball* (1937) 20 Cal.App.2d 436, 439 [67 P.2d 152].)

■ In an action by a minority stockholder, the court has a duty to protect the interests of the corporation and if accounting is deemed necessary, the court is required to take into account both sides of the ledger, the debits as well as the credits in order to award full relief to all parties. (*Chapin* v. *Gritton* (1960) 178 Cal.App.2d 551 at pp. 567-568 [3 Cal.Rptr. 250].)

■ By its judgment after trial by court, entered herein May 20, 1974, the lower court herein decreed, inter alia, that defendant, Data Storage Associates, Inc. be wound up and dissolved and that the officers and directors thereof account within 45 days after entry of said judgment.

By the express terms of Corporations Code section 1806, subdivision (1), the court had jurisdiction to make orders to bring in new parties as the court deemed proper, but the statutes are silent as to the proper procedure to bring new parties in.

Code of Civil Procedure section 187, however, permits: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

The method utilized to obtain personal jurisdiction over new parties brought into the proceedings after an interlocutory judgment of dissolution has been granted, is not expressly covered by the statutes governing service of summons. (Code Civ. Proc., §§ 413.10-417.40.)

■ Personal jurisdiction depends on three factors: (a) jurisdiction of the state; (b) due process, i.e., notice and opportunity for hearing; and (c) compliance with statutory jurisdictional requirements of process. (1

Witkin, Cal. Procedure (2d. ed. 1970) Jurisdiction, § 75(a)(3), p. 600.) Only due process concerns us here.

The order to show cause to join respondents as defendants, filed herein August 17, 1979, by plaintiff, was served personally on respondent, John R. McCann on August 23, 1979, and on respondent Robert E. King, Jr., on August 22, 1979. The hearing as to whether or not these respondents were to be brought in as parties was held September 26, 1979. Both respondents were before the court by counsel "appearing specially"; Lynn King was not served personally as she could not be found. There had been a previous order to show cause filed by appellant to join Robert E. King, Jr., Lynn King and John R. McCann. This had *not* been served personally on any of the three, was heard October 31, 1978, and denied. This denial did not preclude appellants from filing a second order to show cause.

Clearly, the directors were necessary parties to an order which would determine all questions and matters. Under those circumstances, the *court on its own motion* could have "brought them in" and deemed them parties. (*Settembre* v. *Putnam & Minchell* (1866) 30 Cal. 490, 498.) The *Settembre* case, *supra*, interpreted section 17 of the Practice Act, which has been replaced by Code of Civil Procedure section 389, which reads in part: "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties . . . ."

Herein, the corporation, Data Storage Associates, Inc., was found by the court below, to have lost assets in the amount of $103,375. The plaintiffs as minority stockholders were and are unable to proceed on their judgment against the asset-stripped defendant corporation. The court below, therefore, failed to fulfill its duties to both the plaintiff/appellant and the defendant corporation when it refused to join said respondents September 26, 1979; therefore, the order must be reversed for the purpose of joining said respondents Robert E. King, Jr., and John R. McCann, defendants herein.

For future guidance of trial courts, we hold that when it becomes necessary for the court in order to fulfill its statutory duties in connection with sections 1806 and 1808 of the Corporations Code, the court may either, (1) on its own motion, with proper notice given to appear

and be heard, bring a nonparty in and join him as an original defendant (or plaintiff), or, (2) permit joinder of a nonparty after hearing in the court where the matter has been proceeding after a noticed motion or order to show cause has been filed by counsel and served personally on such nonparty.

## II

█ Next, we address whether or not it will be necessary to retry the matter below for the purpose of ascertaining whether or not both respondents are to be surcharged in the amount of $103,375.

Respondent John R. McCann participated in the proceedings below only as an attorney and never participated in any other capacity. Appellant makes no request to surcharge McCann. We will deal only with the request to surcharge Robert E. King, Jr.

We hold that a new trial is not necessary for King to be surcharged. A full-blown hearing was held. At the time respondent King was before the court and had knowledge that one of the purposes for being before the court on the order to show cause hearing was that there was a motion to surcharge *all* of the directors. The matter, having been tried fully for two days, need not be tried again.

No objection was made by respondent King to the jurisdiction of the court at the time the motion to surcharge was served. Instead, respondent filed a response thereto and participated in a full scale hearing. Failure to object by respondent King gave the court jurisdiction to proceed because such behavior thus constituted a general appearance. The first such motion filed April 28, 1975, read in part, "Notice of Motion for Order Compelling Further Accounting, for Order Surcharging the Directors of Defendant . . . ." After several continuances, this matter was taken off calendar. The second motion was filed August 12, 1975, and read, in part, "Motion for Order Surcharging the Officers and Directors of Defendant Corporation . . . ." The motion was made on the ground that "defendant and its *officers and directors* have permitted misappropriation and/or actively misappropriated and disposed of all of the assets of defendant corporation." (Italics added.)

This was clear notice to *all* officers and directors. Although the notice was served, by mail, on respondent McCann, who was acting as attorney for the corporation, respondent Robert King, Jr., did not contest

the lack of personal service on him. Instead, a response was filed in which the matter of surcharging the directors was addressed directly. Respondent King participated fully in the trial, which occurred on April 2, 1976, and April 13, 1976. In fact, the reply brief of Mr. King submitted after the hearing April 13, 1976, states:

"The Court in a dissolution proceeding has inherent jurisdiction to determine the obligations of the corporation and, in this connection, should consider and allow credit for taxes and reasonable accounting and legal services performed to the date of its final order.

"Plaintiffs contend that the officers and directors of the Corporation should be surcharged for the alleged ·deficiencies contended for by Plaintiffs. The officers and directors of the Corporation are charged with the responsibility during their tenure in office of exercising reasonable diligence and care with reference to the affairs of the Corporation. They are protected in relying in good faith on the opinions and recommendations of control personnel, including accountants selected with reasonable care. Absent fraud or negligence on their part, the officers and directors have no individual liability, particularly on questions of business policy or business judgment. There is no evidence of any failure of fraud or negligence on the part of any of the officers or directors of the Corporation so as to charge any of them individually with liability therefor."

After several days of hearing, the trial court, rendered its memorandum of intended decision, in which it found, ". . . that the directors and officers of defendant have wilfully and intentionally abused and violated their fiduciary duties and the agreement for winding up the defendant corporation, by actions designed and calculated to transfer all the income of defendant to King Engineering Corporation, for its benefit and the benefit of Mr. King." Respondent King, therefore, had notice and knowledge of the matter before the court. He had his day in court. He cannot now be permitted to say, at this time, that there was a deprivation of due process. His appearance without objection during the hearing gave the court in personam jurisdiction over him.

The order of September 26, 1979, is reversed and remanded to the lower court which is directed to proceed as follows:

1. Amend the complaint herein to add Robert King, Jr., and John R. McCann as defendants;

2. Vacate the portion of the order therein which reads "Relief Requested by the OSC is denied" and enter an order reflecting the joinder of King and McCann as defendants herein; and

3. Permit entry of a judgment prepared in accord with the notice of intended decision of October 26, 1976, surcharging Robert E. King, Jr., and winding up the affairs by the corporation as required by Corporations Code section 1808.

Ashby, Acting P. J., and Hastings, J., concurred.

Petitions for a rehearing were denied December 15, 1981, and the petitions of objectors and respondents for a hearing by the Supreme Court were denied January 27, 1982.