**STATE TEACHERS RETIREMENT BOARD, et al., Plaintiffs,**

v.

**FLUOR CORPORATION and Manufacturers Hanover Trust Co., Defendants.**

No. 76 Civ. 2135 (RWS).

United States District Court, S.D. New York.

Sept. 27, 1982.

See also, D.C., 566 F.Supp. 945.

Schwartz, Shapiro, Kelm & Warren, Columbus, Ohio, for plaintiffs; Russell A. Kelm, Columbus, Ohio, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant Fluor Corp.; Raymond L. Falls, Charles A. Gilman, John A. Shutkin, New York City, of counsel.

Kelley, Drye & Warren, New York City, for defendant Manufacturers Hanover Trust Co.; Richard J. Concannon, Robert E. Crotty, Geraldine M. Boylan, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff State Teachers Retirement Board ("State Teachers") in this action against defendants Fluor Corporation ("Fluor") and Manufacturers Hanover Trust Company ("Manufacturers") moved pursuant to Fed.R.Civ.P. 15(a) to file its fourth amended complaint in accordance with this court's opinion dated March 30, 1982, and pursuant to Fed.R.Civ.P. 23(c)(2) for an order approving notice to the individual class members in the manner prescribed in State Teachers' motion papers. Fluor and Manufacturers oppose the motion to amend and stated their intention to move to dismiss portions of the amended complaint pursuant to Fed.R.Civ.P. 12(b) in the event that leave to amend the complaint is granted. Argument was heard on April 30, 1982 where, in an effort to simplify the procedural issues, perhaps unsuccessfully, the court directed one submission on all motions. An additional briefing schedule was therefore agreed upon. The memoranda relating to the defendants' motions to dismiss were submitted on June 25, 1982. For the reasons set forth below leave to file the fourth amended complaint will be granted, the motion to dismiss certain causes of action will be granted, and an order certifying the class action and approving the form of notice will be submitted on notice within thirty (30) days.

This class action litigation arose out of alleged improprieties concerning Fluor's handling of information concerning its award of a $1 billion construction contract and certain other alleged material inside information. The factual and procedural background is recounted in this court's prior grant of summary judgment, the Court of Appeals' decision on appeal affirming the dismissal in part and remanding certain issues for trial, *State Teachers Retirement Bd. v. Fluor Corp.*, 500 F.Supp. 278 (S.D.N.Y.1980), *aff'd in part, rev'd in part*, 654 F.2d 843 (2d Cir.1981), as well as in this court's recent conditional grant of class certification on March 30, 1982. Familiarity with the facts, terminology and the previous opinions is assumed.

State Teachers' complaint alleges that Fluor gave Manufacturers material nonpublic information concerning the South African Coal, Oil and Gas Corporation Limited ("SASOL") contract executed on February 28, 1975 but not announced until March 10, 1975, as well as certain other items of information (the "miscellaneous items"). Three of the causes of action remained after the remand of the Court of Appeals: (1) a claim of securities fraud for Fluor's alleged conduct in tipping the information under Section 10(b) of the Securities Exchange Act of 1934 ("the Act"), 15 U.S.C. § 78j(b) and Rule 10b–5 of the Securities Exchange Commission, 17 C.F.R. § 240.10b–5, (2) similar claims against Manufacturers as a tippee, and (3) a pendant state law claim for breach of fiduciary duty against Fluor.

In a prior opinion in this case dated December 2, 1976, the Honorable Marvin E. Frankel conditionally granted class certification for State Teachers to represent parties who sold Fluor shares from March 3 to March 13, 73 F.R.D. 569 (S.D.N.Y.1976), a grant I declined to alter at a later date, no circumstances having changed. 80 F.R.D. 142 (S.D.N.Y.1978). In the March 30, 1982 opinion this court denied without prejudice State Teachers' motion for leave to file its then fourth amended complaint (the "old fourth amended complaint") and conditionally granted class certification to State Teachers as a representative of the class of those shareholders who sold their shares of Fluor stock from March 3 to March 6, 1975,

the period during which State Teachers sold its shares. State Teachers was decertified as a representative of Fluor shareholders that sold shares from March 7 to March 13.

## I. The Motion To Amend the Complaint

State Teachers seeks to amend its complaint to include Manufacturers as a defendant in the third cause of action under state law, based on an aider and abetter theory of liability and to allege representation of shareholders who purchased stock from March 10 to March 13, inclusive, for purposes of appeal of the March 30, 1982 decision.

The Court of Appeals has clearly enunciated the standard for reviewing proposed amendments to a complaint:

> Rule 15(a) Fed.R.Civ.P. provides that leave to amend "shall be freely given." Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963). Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. *Howey v. United States,* 481 F.2d 1187, 1190–91 (9th Cir.1973); *Middle Atlantic Utilities Co. v. S.M.W. Development Co.,* 392 F.2d 380, 384 (2d Cir.1968).

*State Teachers Retirement Bd. v. Fluor,* 654 F.2d at 856.

■ Although the complaint has been pending for a long time, no real prejudice has resulted to Manufacturers from the delay in the amendment. Exhaustive discovery has been completed which would amply address the state law claim. Although additional discovery could be granted, Part II of this opinion obviates the need for any such discovery. Consequently, leave to file the proposed fourth amended complaint is granted.

## II. The Motion to Dismiss Count Three

In its third cause of action State Teachers claims that Fluor breached a fiduciary duty owed to the shareholders under state law (1) by failing to disclose the SASOL agreement and the miscellaneous items to the market or to stop the trading of Fluor shares on the market and (2) by allowing the selective dissemination of material non-public information to employees of Fluor and their tippees who purchased shares of Fluor. The claim, as now amended, also asserts that Manufacturers was aware of and aided and abetted Fluor's breach of its duty. Fluor and Manufacturers contend that under these circumstances a corporation as an institution does not owe such a duty to its shareholders and that the corporation is not liable to selling shareholders for such actions perpetrated by its insiders. Manufacturers further contends that even if there were such a cause of action against Fluor, there is no liability for aiding and abetting such a breach of fiduciary duty.

■ The parties agree that under the circumstances here presented State Teachers would not have a cause of action under New York law, since in this jurisdiction the corporation does not stand in a fiduciary relationship to its shareholder. *Verplank v. Mercantile Ins. Co.,* 1 Edw.Ch. 84 (N.Y. 1831); *Karnes v. Rochester Genessee Valley R.R.,* 4 Abb.N.S. 107 (N.Y.1867); *Thompson v. Erie R. Co.,* 11 Abb.Prac.N.S. 188 (N.Y. 1871); *Parsons v. Hayes,* 18 Jones & Spencer 29 (N.Y.1884); 11 N.Y.Jur., *Corporations* § 319 at 480–81 (1971) ("Ordinarily, however, no trust or fiduciary relationship exists between the corporation and its stockholders"). However, the appropriate choice of law requires the application of the law of the state of incorporation to allegations of a director's breach of a duty owed to his corporation. *Walton v. Morgan Stanley & Co.,* 623 F.2d 796, 798 n. 3 (2d Cir.1980). Therefore, California law, under which Fluor was incorporated, applies.

In support of its claim of a fiduciary duty, State Teachers initially cites *Jones v. H.F. Ahmanson & Co.,* 1 Cal.3d 93, 110–11, 81 Cal.Rptr. 592, 600–01, 460 P.2d 464, 473 (1969) which held that a majority shareholder owes a fiduciary duty to the corporation

and to minority shareholders. *See Klaus v. Hi-Shear Corp.,* 528 F.2d 225, 233 (9th Cir. 1975). In reaching this conclusion the court cited language from *Ervin v. Oregon Ry. & Nav. Co.,* 27 F. 625, 631 (S.D.N.Y.1886) which referred to the "trust relationship occupied by the corporation toward its stock holders." Despite this tenuous reference to a trust relationship, the holding in *Jones v. H.F. Ahmanson & Co.* is limited to establishing a majority shareholders' fiduciary duty to minority shareholders and the corporation. This duty has been recognized in other jurisdictions and is expressly treated as such in learned treatises. *See* Cary & Eisenberg, Corporations, pp. 624–31, 683, 715 (5th ed. 1980); Henn, Law of Corporations, § 241 n. 17 (2d ed. 1970).

State Teachers' primary reliance is placed on *Schneider v. Union Oil Co.,* 6 Cal.App.3d 987, 86 Cal.Rptr. 315 (1st Dist.1970). In *Schneider* a plaintiff shareholder sued the corporation for wrongful transfer to the title of her shares. Plaintiff's father, who had physical custody of the shares, had forged her indorsement on the shares and transferred them to a broker. When the corporation refused her demand for recognition and confirmation of her stock ownership, she sued the corporation under a variety of theories, all of which had been barred by the applicable statute of limitations, except the theory that the corporation had breached its fiduciary duty owed to the shareholders. The court in upholding the cause of action quoted *Bennett v. Hibernia Bank,* 47 Cal.2d 540, 559–60, 305 P.2d 20, 32 (1956) for the proposition that:

> a corporation holds its property in trust for the benefit of its shareholders and occupies a fiduciary position with respect to them; as a result the shareholder is entitled to assume that the corporation will not assert any adverse claim against him.

6 Cal.App.3d at 991, 86 Cal.Rptr. at 317. The court in *Schneider* then again referred to the corporation-shareholder relationship as:

> a fiduciary one in the nature of trusteeship. Accordingly, a corporation shares

the duty of all trustees to protect, so far as the exercise of proper deliberation and care can, the interests of the beneficiary. Therefore, like any trustee in transferring title to stock, acts at its peril ... when a corporation transfers title to stock on a forged or unauthorized endorsement or refused to transfer title at the demand of the owner, it commits an action which is both one of conversion and breach of trust.

6 Cal.App.3d at 992, 86 Cal.Rptr. at 318. It then determined that the corporation could breach its fiduciary duty to a shareholder if it transferred title to a shareholders' shares without authorization. On this authority State Teachers asserts a general fiduciary duty owed by a corporation to its shareholders under state law which requires public disclosures in the event of selective revelation of nonpublic information by corporate insiders, as alleged here.

*Schneider,* however, was limited to the corporation's refusal to recognize the plaintiff as a shareholder of the corporation. The court stated that "[p]laintiff's cause of action is based on defendant's breach of its fiduciary duty to recognize her rights and stature as one of its shareholders." 6 Cal. App.3d at 993, 86 Cal.Rptr. at 318. This fiduciary duty had been recognized in prior California cases as a situation where the "corporation occupies a fiduciary duty with its shareholders in holding and transferring title to shares of stock and is required to act in good faith and with care in making such transfers." *Baxter v. Boston-Pacific Oil Co.,* 81 Cal.App. 187, 191, 253 P. 185, 186 (1927); *see also MacDermot v. Hayes,* 175 Cal. 95, 170 P. 616 (1917); *Cooper v. Spring Valley Water Co.,* 171 Cal. 158, 153 P. 936 (1915). *See also* 1 Marsh, California Corporation Law, § 7.25 (2d ed. 1981); 15 Cal. Jur.3d, *Corporations,* § 299 (1974 & 1981 supp.).

■ The shareholders' interest under consideration in *Schneider* is the recognition by the corporation *qua* corporation of the shareholder-corporation relationship and addresses the failure on the part of the corporation to do an act that it is required as a

corporation to do, namely to recognize the shareholder as a shareholder. Such a cause of action is not unique to California law. Although not referred to as a fiduciary duty, under New York law a shareholder also has a cause of action against a corporation for its failure to recognize the shareholders' interest in the corporation. *See Page v. American & British Manufacturing Co.,* 129 A.D. 346, 113 N.Y.S. 734 (1st Dep't 1908) (shareholder could maintain action against corporation to compel issuance of shares to the shareholder when the corporation had improperly restricted his right to management and control of the corporation). *Cf. Selwyn-Brown v. Superno Co.,* 181 A.D. 420, 168 N.Y.S. 918 (1st Dep't 1918); 11 N.Y.Jur., *Corporations,* § 206 at pp. 372–73 (1971).

Moreover, in *Schneider* the misconduct concerned a transaction between the corporation and the shareholder. The wrong concerned the manner in which the corporation dealt with the shareholder through its failure to recognize "her rights and stature as one of its shareholders." 6 Cal.App.3d at 993, 86 Cal.Rptr. at 318. State Teachers, however, claims misconduct on the part of insiders in improperly disseminating material inside information, actions which constitute breaches of the insider's duty to the corporation. *See Howard v. Data Storage Associates, Inc.,* 125 Cal.App.3d 689, 696, 178 Cal.Rptr. 269, 272 (2d Dist.1981) (and cases cited therein); Ballantine & Sterling, California Corporation Law §§ 102.01–03 (4th ed. 1981); 1 Marsh, California Corporation Law § 10 (2d ed. 1981); 15 Cal.Jur.3d, *Corporations,* §§ 225–234 (1974 & 1981 supp.); 3 Fletcher, Cyclopedia of the Law of Private Corporations § 838–988 (1975 & 1981 supp.). The alleged breach of his duty owed to the corporation by the insider is claimed to have adversely affected State Teachers as a shareholder in a collateral transaction with a third party. Thus it is contrasted with *Schneider* where the wrong was an omission of the corporation *qua* corporation in its dealings with the shareholder concerning the shareholder-corporation relationship.

The distinction becomes more apparent upon consideration of the applicable remedies. State Teachers seeks damages for its losses in dealings with others, not in its dealings with the corporation. The burden of the insiders' wrong would be borne by other non-selling shareholders who at the time of the breach were blameless. *Schneider* by its terms does not provide a basis to hold harmless a shareholder who sold shares at the expense of equally innocent persons who either held on to their shares or purchased shares in the corporation. As stated with regard to a tipping claim under Rule 10b–5:

> [W]e will not readily adopt a measure mandating "large judgments, payable in the last instance by innocent investors for the benefit of speculators and their lawyers." *SEC v. Texas Gulf Sulphur Co.* ... 401 F.2d [833] at 867 [ (2d Cir.1968) ] (Friendly, J., concurring) [*cert. denied,* 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969) ].

*Elkind v. Liggett & Myers, Inc.,* 635 F.2d 156, 170–71 (2d Cir.1980).

Of course, the alleged state cause of action differs from a tipping claim under Rule 10b–5 against a corporation where the substance of the wrong is the combined conduct of both the tipper and the tippee and was described by the Second Circuit as follows:

> It is the combination of the tip and the tippee's trading that poses the evil against which the open market investor must be protected ... [and] no injury occurs until the information is used by the tippee. The entry into the market of a tippee with superior knowledge poses the threat that if he trades on the basis of the inside information he may profit at the expense of investors who are disadvantaged by lack of the inside information. For this both the tipper and the tippee are liable.

*Elkind v. Liggett & Myers, Inc.,* 635 F.2d at 169. "Tippee trading, therefore, is the primary and essential element of the offense." *Id.* at 165. The inclusion of tippee trading as an essential element of the federal cause

of action distinguishes it from a claim for breach of fiduciary duty.

■ Despite the diligent efforts of counsel, State Teachers has not presented and the court has not found California authority to support application and extension of the corporation's fiduciary duty as set forth in *Schneider* to the actions of corporate insiders in a case such as this, nor has the plaintiff presented general authority from other jurisdictions establishing such a duty or a cause of action against the corporation rather than a director or officer. Since "[c]orporations are creatures of state law," *Burks v. Lasker,* 441 U.S. 471, 478, 99 S.Ct. 1831, 1837, 60 L.Ed.2d 404 *quoting, Cort v. Ash,* 422 U.S. 66, 84, 95 S.Ct. 2080, 2090, 45 L.Ed.2d 26 *see also Green v. Santa Fe Industries, Inc.,* 533 F.2d 1283, 1304 (2d Cir. 1976) (Moore, C.J. dissenting), *reversed,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977) (corporations "are created under state law; they are empowered by state statute; and they are regulated by the legislative mandates of the State which has sanctioned their existence."), this court must remain cognizant of the limitations of state law and should not "create" causes of action heretofore not recognized by the state. In *Cenco, Inc. v. Seidman & Seidman,* [Current] 686 F.2d 449, Fed.Sec.L.Rep. (CCH) ¶ 98,615 at p. 93,053 (7th Cir. March 26, 1982) the court stated that the task of "creating a new Illinois tort is something for the Illinois courts or legislature to do rather than the federal courts." Similarly the task of creating a new cause of action under the corporation law of California is something for the California courts or legislature to do rather than a federal court sitting in New York in the exercise of its pendant jurisdiction. Absent a showing by State Teachers that an action exists in California against the corporation for the misconduct alleged in the third claim of this complaint, this court will not imply such a cause of action. The third claim is therefore dismissed as a matter of law.

■ Since no cause of action exists against Fluor for breach of its fiduciary duty, no cause of action is stated against Manufacturers for aiding and abetting such a breach.

### III. Motion for an Order Certifying the Class Action and Approving the Form of Notice to the Class

Certain issues remain concerning the order presented by State Teachers for certification of the class and the form of notice to the class.

Neither the court nor defendants have received an updated list of shareholders to be represented. The list submitted by State Teachers on December 8, 1981 includes shareholders who will be represented by State Teachers as well as shareholders who are no longer represented as a result of prior rulings. Consequently, the members on the list must be divided into two subclasses consisting of represented and unrepresented shareholders. These lists shall be served upon the court and the defendants.

Rule 23(b)(3) Fed.R.Civ.P. requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *In re Franklin National Bank Securities Litigation,* 574 F.2d 662, 670 (2d Cir.1979), *modified on other grounds,* 599 F.2d 1109 (2d Cir.1979), determined that in the case of "street names" "reasonable effort" includes, *inter alia,* searching the files of the record holders, if necessary, and then notifying the beneficial owners. The point is, "it is the beneficial owners, not merely the record holders, who are entitled to notice under F.R.C.P. Rule 23(c)(2)." *Markewich v. Adikes,* No. 75 C. 1349 (E.D.N.Y. Aug. 28, 1978). Both to insure proper notice to beneficial owners of stock held in "street names" and to avoid the risk of multiple class notifications, more detail is required to meet the requirements of *Franklin* with respect to the classification of the information obtained by State Teachers. The affidavit of Russell A. Kelm in support of class certification dated December 4, 1981 briefly described the steps taken to compile the list of Fluor shareholders who sold shares from March 3 to March 13, 1975. Although the affidavit shows

that some attempt was made to ascertain the names of the beneficial owners, State Teachers must indicate which such names it procured.

The order shall also provide for full reporting and tabulation of the results of the class mailing including responses and inquiries by potentially represented parties. Moreover, there shall be a provision for notice to counsel of inquiries from and communications with the class. Also, some form of notice, i.e., publication, to unidentified class members should be considered if beneficial. *See, e.g., Franklin,* 574 F.2d at 674.

In light of the inadequacy of the list presented to the court, the dismissal of the third claim, the ambiguities in the submissions presented to the court and the suggestions made in the memoranda in support of and opposing the proposed form of order certifying class action and notice, the parties are directed to attempt to agree on the order and appropriate procedures for notice to be followed in accordance with local rules of practice and procedure, and this opinion as well as the March 20, 1982 decision. An order certifying the class action and approving the form of notice will be submitted on notice within thirty (30) days.

IS SO ORDERED.